UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE NORGLE**

**MAGISTRATE JUDGE KIM**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| WARREN N. BARR, III, | ) |
| ROBERT D. LATTAS, | ) |
| JEFFREY A. BUDZIK, | ) |
| ASIF A. ASLAM, | ) |
| LEONARDO V. SANDERS, and | ) |
| JAMES J. CARROLL | ) |

**14 CR 287**

Violations: Title 18, United States Code, Sections 1014 and 1344

**FILED**

**COUNT ONE**

MAY 1 5 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

The SPECIAL JULY 2013 GRAND JURY charges:

1. At times material to this indictment:

   a. Vision on State was a condominium building at 1255 S. State Street in Chicago, Illinois that was constructed between approximately 2004 and 2008 and had approximately 250 residential units that were offered for sale beginning in approximately November 2004.

   b. 13th & State, LLC was a limited liability corporation in Oak Brook, Illinois that obtained a $55.7 million loan from IndyMac Bank, F.S.B. in or around September 2005 to finance the development and construction of Vision on State.

   c. Defendant WARREN N. BARR, III was a member of 13th & State LLC and a real estate developer who facilitated the construction, development, and sale of condominium units at Vision on State, including approximately 80 units that remained for sale in or around March 2007.

d.     Defendant ROBERT D. LATTAS was an attorney licensed to practice law in the State of Illinois with an office in Chicago, Illinois, who represented 13th & State LLC at real estate closings involving condominium units at Vision on State.

e.     Defendant JEFFREY A. BUDZIK was an attorney licensed to practice law in the State of Illinois with an office in Chicago, Illinois, who represented individuals at real estate closings who were buying condominium units at Vision on State.

f.     Defendant ASIF A. ASLAM was the chief executive officer of Aslam Group, Inc., and an officer of Downtown Property Management, LLC, two entities through which ASLAM recruited individuals to purchase condominium units at Vision on State and then lease those units to renters.

g.     Defendant LEONARDO V. SANDERS was an officer of Royalty Development & Investment Group, Inc., an entity through which SANDERS recruited individuals to purchase condominium units at Vision on State and then lease those units to renters.

h.     Defendant JAMES J. CARROLL was the chief financial officer and a member of 13th & State, LLC.

i.     AmTrust Bank, Bank of America, First Tennessee Bank, JP Morgan Chase Bank, and Wells Fargo were lenders that made loans secured by mortgages. These lenders were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

j.     Lenders required applicants for mortgage loans to provide truthful information, including truthful information about:    (i) the sales price of the property; (ii) funds

2

that the sellers were providing for the benefit of the buyers, such as funds for the buyers' down payment, homeowners assessments, closing costs, and commissions; and (iii) the buyers' employment, income, financial condition, assets, liabilities, sources of down payment, and intention to occupy the property. This information was material to the lenders' approval, terms, and funding of loans.

k.    Lenders sold mortgage loans to other lenders and institutions, including the Federal Home Loan Mortgage Corporation, also known as Freddie Mac, and the Federal National Mortgage Association, also known as Fannie Mae. Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and other documents, including information about the sales price of the property, the borrower's employment, financial condition, assets, liabilities, sources of down payment, and intention to occupy the property, and the funds that the sellers were providing for the benefit of the buyers, was material to the successors' decision to purchase mortgage loans.

2.    Beginning not later than March 2007, and continuing through at least in or about July 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

> WARREN N. BARR, III,
> ROBERT D. LATTAS,
> JEFFREY A. BUDZIK,
> ASIF A. ASLAM,
> LEONARDO V. SANDERS, and
> JAMES J. CARROLL,

defendants herein, knowingly participated in a scheme to defraud a financial institution, namely, AmTrust Bank, Bank of America, First Tennessee Bank, JP Morgan Chase Bank, Wells Fargo, and others, and to obtain money and funds owned by and under the custody and control of a

financial institution by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.    It was part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, JEFFREY A. BUDZIK, ASIF A. ASLAM, LEONARDO V. SANDERS, and JAMES J. CARROLL, and others, caused buyers to fraudulently obtain approximately 60 mortgage loans to purchase condominium units at Vision on State, in a total amount of at least approximately $22,800,000, by making and causing to be made materially false representations in documents submitted to lenders, including loan applications, real estate contracts, and HUD-1 settlement statements concerning, among other things:   (a) the sales price of the properties; (b) the buyers' employment, income, financial condition, assets, liabilities, sources of down payment, and intention to occupy the properties; and (c) the funds that 13th & State LLC was providing for the benefit of the buyers, such as funds for the buyers' down payments, buyers' incentives, and commissions.

4.    It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, and JAMES J. CARROLL determined the minimum prices that 13th & State LLC should receive for the sale of condominium units at Vision on State, and facilitated the sale of those units at inflated sales prices, knowing that the difference between the two prices, or "the spread," would be paid to defendants ASIF A. ASLAM, LEONARDO V. SANDERS, and others in order to provide buyers recruited by defendants ASLAM and SANDERS with financial incentives that were not disclosed in documents submitted to lenders.

5.    It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, ASIF A. ASLAM, JEFFREY A. BUDZIK, LEONARDO V.

4

SANDERS, and JAMES J. CARROLL fraudulently obtained mortgage loan proceeds by causing materially false documents to be prepared that concealed from lenders that the funds represented as the buyers' down payments to purchase condominium units at Vision on State were provided by 13th & State LLC and others, that the purchase prices of the condominium units were inflated, and that, therefore, the lenders were financing all or a greater portion of the transaction than what was represented by buyers who were contributing little or no equity for the purchases.

6.     It was further part of the scheme that defendants WARREN N. BARR, III, ASIF A. ASLAM, LEONARDO V. SANDERS, and others recruited and caused to be recruited buyers to purchase condominium units at Vision on State at inflated prices, knowing that the buyers would be qualified for mortgage loans to purchase the properties through false statements to lenders, including false statements about:   (a) the sales price of the properties; (b) the buyers' employment, income, financial condition, assets, liabilities, sources of down payment, and intention to occupy the properties; and (c) the funds that 13th & State LLC was providing for the benefit of the buyers, such as funds for the buyers' down payments, homeowners assessments, closing costs, marketing fees and commissions.

7.     It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, ASIF A. ASLAM, and LEONARDO V. SANDERS caused to be prepared and submitted to lenders real estate sales contracts for condominium units at Vision on State that defendants BARR, LATTAS, ASLAM, and SANDERS knew contained false and fraudulent information, including inflated sales prices of the units being sold and the identities of the buyers.

5

8.     It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, JEFFREY A. BUDZIK, ASIF A. ASLAM, LEONARDO V. SANDERS, and JAMES J. CARROLL caused to be prepared and submitted to lenders HUD-1 settlement statements for condominium units at Vision on State that defendants BARR, LATTAS, BUDZIK, ASLAM, SANDERS, and CARROLL knew contained false and fraudulent information, including false and fraudulent information about the sales prices of the units, the source of the buyers' down payments, and the funds that 13th & State, LLC was providing for the benefit of the buyers.

9.     It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, JEFFREY A. BUDZIK, ASIF A. ASLAM, LEONARDO V. SANDERS, and JAMES J. CARROLL provided and caused to be provided funds to buyers of condominium units at Vision on State, knowing that the funds would be falsely represented to the lenders as the buyers' down payments, and defendants BARR, LATTAS, BUDZIK, ASLAM, SANDERS, and CARROLL knowingly caused these funds to be falsely represented to lenders as the buyers' down payments.

10.     It was further part of the scheme that defendants ASIF A. ASLAM and LEONARDO V. SANDERS, both individually and through their companies, Aslam Group, Inc., Downtown Property Management, LLC, and Royalty Development & Investment Group, Inc., received funds from defendant WARREN N. BARR, III, 13th & State, LLC, and others at defendant BARR's direction, and, knowing that this was not disclosed to the lenders, kept certain of the funds for themselves and caused certain of the funds to be used to pay the buyers'

homeowners assessments and closing costs for purchases of condominium units at Vision on State.

11.    It was further part of the scheme that defendant WARREN N. BARR, III purchased a condominium unit at Vision on State, and defendants BARR, ROBERT D. LATTAS, and JAMES J. CARROLL knew that the real estate sale contract and HUD-1 settlement statement submitted to the lender for defendant BARR's purchase contained false and fraudulent information, including information about the sales price of the unit and the source of defendant BARR's down payment.

12.    It was further part of the scheme that defendant WARREN N. BARR, III purchased a condominium unit at Vision on State, and defendant BARR knew that the loan application submitted to the lender for defendant BARR's purchase contained false and fraudulent information, including information about defendant BARR's assets and liabilities.

13.    It was further part of the scheme that defendant ROBERT D. LATTAS represented and caused his associates to represent 13th & State LLC at closings in which condominium units at Vision on State were sold to buyers, knowing that:    (a) defendants ASIF A. ASLAM and LEONARDO V. SANDERS were receiving payments that were concealed from lenders; (b) the funds represented as the buyers' down payments were provided by others; and (c) the sales prices of the units were inflated.

14.    It was further part of the scheme that defendant ROBERT D. LATTAS represented 13th & State LLC at a closing in which a condominium unit at Vision on State was sold to defendant WARREN N. BARR, III, knowing that:    (a) the funds represented as

7

defendant BARR's down payment were provided by others; and (b) the sales price of the unit was inflated.

15.    It was further part of the scheme that defendant JEFFREY A. BUDZIK represented buyers at closings in which condominium units at Vision on State were sold to the buyers, knowing that: (a) defendant ASIF A. ASLAM was receiving payments that were concealed from lenders; (b) the funds represented as the buyers' down payments were provided by others; and (c) the sales prices of the units were inflated.

16.    It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, JEFFREY A. BUDZIK, ASIF A. ASLAM, LEONARDO V. SANDERS, and JAMES J. CARROLL obtained and used the proceeds of the scheme for themselves and others, knowing that the proceeds were obtained based on false statements in real estate contracts, loan documents, and HUD-1 settlement statements.

17.    It was further part of the scheme that defendants WARREN N. BARR, III, ROBERT D. LATTAS, JEFFREY A. BUDZIK, ASIF A. ASLAM, LEONARDO V. SANDERS, and JAMES J. CARROLL concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme, and acts done in furtherance of the scheme.

18.     On or about November 9, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
LEONARDO V. SANDERS,

defendants herein, knowingly executed and attempted to execute the scheme by causing First Horizon Home Loans, a division of First Tennessee Bank, to fund a loan in the amount of approximately $330,385 for Buyers A & B to purchase 1255 S. State Street, Unit 813 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1(a), (b), (c), and (i) of Count One are incorporated here.

2.      On or about November 9, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
LEONARDO V. SANDERS,

defendants herein, knowingly made, and caused to be made, a false statement and report, for the purpose of influencing First Horizon Home Loans, a division of First Tennessee Bank, to fund a loan in the amount of approximately $330,385 for Buyers A & B to purchase 1255 S. State Street, Unit 813 in Chicago, Illinois, namely, in Line 220 of a HUD-1 Settlement Statement, defendants BARR, LATTAS, and SANDERS falsely stated, and caused to be stated, that the total amount paid by Buyers A & B for 1255 S. State Street, Unit 813 in Chicago, Illinois was approximately $337,726.90;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT THREE

The SPECIAL JULY 2013 GRAND JURY further charges:

1.  The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.  On or about November 30, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
LEONARDO V. SANDERS,

defendants herein, knowingly executed and attempted to execute the scheme by causing JP Morgan Chase Bank, N.A. to fund a loan in the amount of approximately $296,100 for Buyers A & B to purchase 1255 S. State Street, Unit 1709 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.      On or about April 24, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,<br>
ROBERT D. LATTAS, and<br>
ASIF A. ASLAM,

defendants herein, knowingly executed and attempted to execute the scheme by causing Wells Fargo Bank, N.A. to fund a loan in the amount of approximately $385,988 for Buyer C to purchase 1255 S. State Street, Unit 1312 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.      On or about April 24, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
ASIF A. ASLAM,

defendants herein, knowingly executed and attempted to execute the scheme by causing Bank of America, N.A. to fund a loan in the amount of approximately $366,005 for Buyer C to purchase 1255 S. State Street, Unit 1805 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.     On or about May 2, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS,
JEFFREY A. BUDZIK, and
ASIF A. ASLAM,

defendants herein, knowingly executed and attempted to execute the scheme by causing Wells Fargo Bank, N.A. to fund a loan in the amount of approximately $394,200 for Buyer D to purchase 1255 S. State Street, Unit 717 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

14

## COUNT SEVEN

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in Paragraphs 1(a), (b), (c), and (i) of Count One are incorporated here.

2.     On or about May 2, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
ASIF A. ASLAM,

defendants herein, knowingly made, and caused to be made, a false statement and report, for the purpose of influencing Wells Fargo Bank, N.A. to fund a loan in the amount of approximately $394,200 for Buyer D to purchase 1255 S. State Street, Unit 717 in Chicago, Illinois, namely, in Line 220 of a HUD-1 Settlement Statement, defendants BARR, LATTAS, and ASLAM falsely stated, and caused to be stated, that the total amount paid by Buyer D for 1255 S. State Street, Unit 717 in Chicago, Illinois was approximately $406,858.81;

In violation of Title 18, United States Code, Sections 1014 and 2.

15

## **COUNT EIGHT**

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.      On or about May 2, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
ASIF A. ASLAM,

defendants herein, knowingly executed and attempted to execute the scheme by causing Wells Fargo Bank, N.A. to fund a loan in the amount of approximately $386,800 for Buyer E to purchase 1255 S. State Street, Unit 1714 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

16

## COUNT NINE

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.      On or about May 13, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,
ROBERT D. LATTAS, and
JAMES J. CARROLL,

defendants herein, knowingly executed and attempted to execute the scheme by causing Bank of America, N.A. to fund a loan in the amount of approximately $417,000 for defendant BARR to purchase 1255 S. State Street, Unit 1703 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

17

## COUNT TEN

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1(a), (b), (c), and (i) of Count One are incorporated here.

2.      On or about May 13, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III,

defendant herein, knowingly made a false statement and report, for the purpose of influencing Bank of America, N.A. to fund a loan in the amount of approximately $417,000 for defendant BARR to purchase 1255 S. State Street, Unit 1703 in Chicago, Illinois, namely:

(a)      In Part V of a Uniform Residential Loan Application, defendant BARR falsely stated that his base employment income was approximately $41,666 per month;

(b)      In Part VI of a Uniform Residential Loan Application, defendant BARR falsely stated that his assets included:   (i) $75,000 in an account at LaSalle Bank; and (ii) $70,000 in an account at National City Bank;

(c)      In Part VII.a of a Uniform Residential Loan Application, defendant BARR falsely stated that the purchase price of 1255 S. State Street, Unit 1703 in Chicago, Illinois was $521,250;

(d)      In Part VIII.d of a Uniform Residential Loan Application, defendant BARR checked a box "no" and falsely denied that he was a party to a lawsuit; and

18

(e)     In Part VIII.h, defendant BARR checked a box "no" and falsely denied that any part of the down payment to purchase 1255 S. State Street, Unit 1703 in Chicago, Illinois was borrowed;

In violation of Title 18, United States Code, Section 1014.

## COUNT ELEVEN

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in Paragraphs 1(a), (b), (c), and (i) of Count One are incorporated here.

2.      On or about May 13, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III, and
ROBERT D. LATTAS,

defendants herein, knowingly made, and caused to be made, a false statement and report, for the purpose of influencing Bank of America, N.A. to fund a loan in the amount of approximately $417,000 for defendant BARR to purchase 1255 S. State Street, Unit 1703 in Chicago, Illinois, namely:

(a)      In Line 101 of a HUD-1 Settlement Statement, defendants BARR and LATTAS falsely stated, and caused to be stated, that the contract sales price for 1255 S. State Street, Unit 1703 in Chicago, Illinois was approximately $521,250; and

(b)      In Line 220 of a HUD-1 Settlement Statement, defendants BARR and LATTAS falsely stated, and cause to be stated, that the total amount paid by defendant BARR for 1255 S. State Street, Unit 1703 in Chicago, Illinois was approximately $420,036.96;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT TWELVE

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.     On or about November 21, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III, and
ASIF A. ASLAM,

defendants herein, knowingly executed and attempted to execute the scheme by causing Bank of America, N.A. to fund a loan in the amount of approximately $347,879 for Buyer F to purchase 1255 S. State Street, Unit 1912 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT THIRTEEN

The SPECIAL JULY 2013 GRAND JURY further charges:

1.　　The allegations in Paragraphs 1 through 17 of Count One are incorporated here.

2.　　On or about January 23, 2009 at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WARREN N. BARR, III, and
ASIF A. ASLAM,

defendants herein, knowingly executed and attempted to execute the scheme by causing AmTrust Bank to fund a loan in the amount of approximately $336,000 for Buyer G to purchase 1255 S. State Street, Unit 1909 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

22

## FORFEITURE ALLEGATION

The SPECIAL JULY 2013 GRAND JURY alleges:

1.     The allegations of Counts One through Thirteen of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2).

2.     As a result of their violations as alleged in Counts One through Thirteen of the foregoing indictment,

WARREN N. BARR, III,<br>
ROBERT D. LATTAS,<br>
ASIF A. ASLAM, and<br>
LEONARDO V. SANDERS,

defendants herein, shall forfeit to the United States, any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Thirteen.

3.     The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), include, but are not limited to, funds in the amount of approximately $22,872,527.66 and any property constituting, derived from, and traceable to, the proceeds that the defendants obtained directly or indirectly as a result of the offense.

3.     If any of the forfeitable property described above, as a result of any act or omission by the defendants:

      a.     Cannot be located upon the exercise of due diligence;

      b.     Has been transferred or sold to, or deposited with, a third party;

      c.     Has been placed beyond the jurisdiction of the Court;

      d.     Has been substantially diminished in value; or

     e.    Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United

States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(2).


A TRUE BILL:


_____

FOREPERSON



_____

UNITED STATES ATTORNEY